IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00826-REB-KLM

UNITED STATES ex rel. ANTHONY HANLON,
UNITED STATES ex rel. LINDA DOLLAR, and
STATE OF COLORADO ex rel. RELATORS,

    Plaintiffs,

v.

COLUMBINE MANAGEMENT SERVICES, INC., a Colorado corporation doing business as COLUMBINE HEALTH SYSTEMS, and
POUDRE VALLEY HEALTH CARE, INC., a Colorado nonprofit corporation doing business as POUDRE VALLEY HEALTH SYSTEM,

    Defendants.

UNITED STATES,

    Interested Party.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion to Amend Complaint and Join a Party** [#75][1] (the "Motion"). Defendants filed Responses [#77, #78], and Plaintiffs filed Replies [#79, #80]. The Court has reviewed the Motion, Response, Reply, the case file, and the applicable law, and is fully advised in the premises. For the reason set forth below,

---

[1] "[#75]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

the Motion [#75] is **DENIED without prejudice**.[2]

The Scheduling Order governing this case provides that the deadline for joinder of parties and amendment of pleadings was October 1, 2015. [#69] at 15. Accordingly, Plaintiffs' Motion [#75], which was filed on September 14, 2015, was timely filed.

In the Motion, Plaintiffs seek to add one additional defendant to this matter and also to greatly revise the content of their original Complaint. See [#75-1]. The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); see Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend the complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted).

Defendants argue in part that Plaintiffs' proposed Amended Complaint is futile because it fails to comply with the standards set forth in Fed. R. Civ. P. 8(a)(2) and (3). *Response* [#78] at 2-3. Plaintiffs respond that "[t]he issue presently before the Court is not

---

[2] Because the Court denies Plaintiffs' Motion without prejudice, the outcome is nondispositive and is appropriately issued as an Order. See 28 U.S.C. § 636(b)(1).

whether the Amended Complaint can pass muster under Rule 8 (presumably, the plausibility standard), it is whether the Relators [i.e., Plaintiffs] should be granted leave to amend." *Reply* [#80] at 2. However, these standards are not exclusive. A motion for leave to amend may be denied on the basis of futility. *Foman*, 371 U.S. at 182. An amendment is futile if it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). And "Rule 8(a)'s mandate . . . has been incorporated into the 12(b)(6) inquiry." *U.S. ex rel. Lemmon v. Envirocare of Utah*, 614 F.3d 1163, 1171 (10th Cir. 2010). Accordingly, Defendants' argument under Fed. R. Civ. P. 8(a) is appropriately made in response to Plaintiff's request to file an amended complaint.

The Court first addresses the portion of Defendants' argument which asserts that Plaintiffs' proposed Amended Complaint is futile because it fails to comply with Rule 8(a)(3). *See Response* [#78] at 1-3. Rule 8(a)(3) requires that "[a] pleading . . . must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Plaintiffs fail to include such a section in the proposed Amended Complaint [#75-1]. Although the Court and Defendants may be able to divine the relief sought by Plaintiffs by piecing together other portions of the proposed Amended Complaint, this is not the standard that must be met. The Federal Rules of Civil Procedure require Plaintiffs to provide a clearly-stated demand for relief, and that was not done here. The Court therefore must deny Plaintiff's request for leave to amend.

Other courts have reached the same conclusion when Rule 8(a)(3) has not been satisfied. For example, in *MC Oil and Gas LLC v. Ultra Resources, Inc.*, No. 1:15-cv-0038,

2015 WL 2452923, at *2 (D. Utah May 22, 2015), the court held:

> [W]hile it is true, as [the plaintiff] argues, that Fed. R. Civ. P. 8(a)(3) requires plaintiffs to list "demand[s] for the relief sought," those demands should be listed separately from the "claim[s] showing that the pleader is entitled to relief." For [the plaintiff], demands for relief should be in the section it has titled "Prayer for Relief." Defendants' motion to dismiss these claims is granted but with leave for [the plaintiff] to amend the complaint to put these remedies in the prayer for relief.

(footnote omitted). In *Creamer v. Kelly*, 599 F. App'x 336, 338 (Mem) (10th Cir. 2015), the Tenth Circuit Court of Appeals held:

> The [district] judge further ruled that the claims against [the defendant] were deficient because [the plaintiff] failed to make a demand for relief as required by Fed. R. Civ. P. 8(a)(3) . . . . Although the judge repeatedly ordered [the plaintiff] to cure the deficiencies by properly amending her complaint, she failed to do so. . . . [The plaintiff's] present complaint still fails to rectify these deficiencies. . . . [T]here is nothing that could be construed as a demand for relief against [the defendant]. . . . Under these circumstances, the district court correctly dismissed the complaint for failure to state a claim . . . .

In *Collins v. Great Plains Oilfield Rental, L.L.C.*, No. CIV-12-1108-M, 2013 WL 5797737, at *2 (W.D. Okla. Oct. 28, 2013), the court held that relief must be demanded from each of the defendants:

> [W]ithin the Relief Requested section, the Collins[es] only request relief from Great Plains. Since the Collins[es] only request relief from Great Plains, even if everything alleged in the Second Amended Complaint is construed in the light most favorable to the Collins[es], and the Court awards the Collins[es] everything they request in the Second Amended Complaint, Delta would not be required to provide any of that relief. Therefore, as a result of the Collins[es]' failure to request relief from Delta, the Court finds that the Collins[es] did not satisfy Rule 8(a)(3) and Delta is entitled to a judgment on the pleadings.

In *Rodriguez-Carreras v. Pitts*, No. 11-3008-SAC, 2012 WL 5985465, at *1 (D. Kan. Nov. 29, 2012), the court stated: "Defendant correctly notes that plaintiff has failed to state a specific demand for relief as required by Rule 8(a)(3). Such a defect, of course, could be

remedied by allowing plaintiff an opportunity to amend the complaint to cure that deficiency." Thus, pursuant to Rule 8(a)(3), any proposed amended complaint submitted by Plaintiffs must clearly state the relief demanded against each Defendant.

Plaintiffs also seek permissive joinder of a defendant, Centre Avenue Health and Rehab Facility, pursuant to Fed. R. Civ. P. 20(a). *Motion* [#75] at 5. While Rule 15(a) is generally applicable to amendment of a complaint, Rule 20(a) "focuses on the particulars of amendment which joins additional parties." *See Renfro v. Spartan Computer Servs. Inc.*, No. 06-2284-KHV, 2007 WL 1624642, at *3 (D. Kan. June 4, 2007). In other words, Rule 20(a) provides specific additional factors for the Court to consider when the requested amendment seeks to join an additional party, as Plaintiffs' Motion [#75] does here. In relevant part, Rule 20(a)(2) provides that defendants "may be joined in one action as defendants if: (A) any *right to relief* is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." (Emphasis added.) Thus, this rule requires that a "right to relief" be asserted against the proposed defendant but, as the Court has just discussed, Plaintiffs have not adequately presented a request for relief in the proposed Amended Complaint against *any* Defendant. Without a clear statement regarding Plaintiffs' requested relief, the Court cannot determine whether the requirements of Rule 20(a)(2)(A) are met. Therefore Plaintiffs' request to join Centre Avenue Health and Rehab Facility as an additional defendant must be denied at this time.

Accordingly, the Court may not accept the proposed Amended Complaint on the basis of futility because it fails to comply with Rule 8(a)(3) and Rule 20(a). The Court

therefore need not examine Defendants' other arguments against Plaintiffs' proposed amendments. However, should Plaintiffs choose to again seek leave to amend, the Court strongly advises them to closely examine Defendants' other arguments in the Responses [#77, #78] to determine whether further amendment is appropriate in order to address the issues that have been raised. Although the Court does not determine at this time whether Defendants' other arguments are meritorious, the Court notes that careful drafting may help to streamline potential future motions practice under Fed. R. Civ. P. 15(a) and 20(a).[3]

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#75] is **DENIED without prejudice**. Because the deadline for amendment of pleadings and joinder of parties was October 1, 2015, *see Scheduling Order* [#69] at 15, any future request to amend pleadings or join parties would normally have to comply with Fed. R. Civ. P. 16(b) as well as Fed. R. Civ. P. 15(a). *See, e.g.*, *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *1 (D. Colo. Mar. 14, 2011) ("Because Plaintiff filed his Motion after the deadline for amending the pleadings, the Court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b), [and] then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule Civil Procedure 15(a)."). However, given that the present Motion [#75] was timely filed and is being denied without prejudice,

IT IS FURTHER **ORDERED** that the deadline to join parties and amend pleadings

---

[3] For example, it may be helpful for Plaintiffs to provide clearer statements regarding each cause of action being asserted by Plaintiffs.

is extended to **November 6, 2015** for the sole purpose of allowing Plaintiffs to file a new motion to amend complaint and join a party. If Plaintiffs file the new motion by that date, they need not comply with Fed. R. Civ. P. 16(b).

DATED: October 23, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge