**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00826-REB-KLM

UNITED STATES ex rel. ANTHONY HANLON,
UNITED STATES ex rel. LINDA DOLLAR, and
STATE OF COLORADO ex rel. RELATORS,

    Plaintiffs,

v.

COLUMBINE MANAGEMENT SERVICES, INC., a Colorado corporation doing business as COLUMBINE HEALTH SYSTEMS, and
POUDRE VALLEY HEALTH CARE, INC., a Colorado nonprofit corporation doing business as POUDRE VALLEY HEALTH SYSTEM,

    Defendants.

UNITED STATES,

    Interested Party.

---

**ORDER OVERRULING OBJECTIONS AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

The matters before me are (1) **Poudre Valley Health Care, Inc.'s Motion to Dismiss and Combined Memorandum in Support Thereof** [#60][1] filed June 25, 2015; (2) **Defendant Columbine Management Services, Inc.'s Motion to Dismiss and Combined Memorandum in Support Thereof** [#62] filed June 26, 2015; (3) the **Motion To Amend Complaint and Join a Party** [#82] filed by the plaintiff on November 6, 2015; and (4) the related **Recommendation of United States Magistrate** Judge

---

[1] "[#60]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[#96] filed February 23, 2016.  The plaintiffs filed objections [#98 & #100] to the recommendation.[2]  I overrule the objections, approve and adopt the recommendation, and grant the motions to dismiss.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects.  I have considered carefully the recommendation, objections, and applicable case law, as well as the arguments raised and authorities cited by the parties.

In their original complaint [#1], filed March 29, 2013, the plaintiffs asserted three claims: (1) violation of the Antikickback Statute - 42 U.S.C. § 1320 a-7b; (2) violation of the False Claims Act - 31 U.S.C. § 3729; and (3) violations of the Colorado Medicaid False Claims Act and Antikikcback Statutes - §§25.5-4-301 - 306, C.R.S.  In the proposed amended complaint [#82-1], the same three claims are asserted with amended factual allegations in support of each claim.

Addressing claim one, the magistrate judge notes that there is no private right of action under  42 U.S.C. § 1320 a-7b.  The plaintiffs argued to the magistrate judge that claim one actually is a type of claim under the False Claims Act.  Yet the allegations in support of claim one do not mention the False Claims Act.  In the original complaint [#1] and the proposed amended complaint [#82-1], the plaintiffs failed to plead a claim based on  42 U.S.C. § 1320 a-7b on which relief can be granted.  Thus, the motion to amend will be denied as to claim one, and the concomitant motions to dismiss will be granted as to claim one.

---

[2] The two objections [#98 & #100] filed by the plaintiffs are duplicates of each other, except that the second objection [#100] has a corrected signature block and is dated one day later than the first objection [#98].

Turning the claim two, the magistrate judge details how the allegations in the proposed amended complaint [#82-1] fail to state a plausible claim under the False Claims Act. Thus, she recommends that the motion to amend be denied as to claim two and the motions to dismiss be granted as to claim two. I concur. Thus, the motion to amend will be denied as to claim two, and the related motions to dismiss will be granted as to claim two.

Finally, claim three, as alleged in the original complaint [#1] and the proposed amended complaint [#82-1], also fails. As the magistrate judge notes, the Colorado Medicaid False Claims Act provides for a private right of action only after the state of Colorado is notified of the action and then declines to take over the action. Nothing in the record indicates the existence of the antecedent notice or subsequent declination. Thus, the motion to amend will be denied as to claim three, and the related motions to dismiss will be granted as to claim three.

In the objections [#98 & #100], counsel for the plaintiffs says his proposed amended complaint [#82-1] is the not proposed amended complaint he intended to file with the motion to amend [#82]. Objections [#98 & #100], p. 2. Exhibit A to the objections is, counsel reports, the proposed amended complaint he intended to file. Counsel cites a variety of explanations for this error. Although the plaintiffs have not filed a motion to file another proposed amended complaint, counsel appears to seek such relief in the objections [#98 & #100].

At this point, I must determine if the operative complaint [#1] should be dismissed with prejudice or without prejudice. Dismissal with prejudice would, effectively, deny the plaintiffs any further opportunity to amend their complaint. "Refusing leave to amend is

generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." ***Castiegien, Inc. v. Resolution Trust Corp.***, 984 F.2d 1571, 1585 (10th Cir. 1993) (***citing Foman v. Davis***, 371 U.S. 178, 182 (1962)). Subsequent to the issuance of the recommendation, the plaintiffs have made no formal motion to amend their complaint. A district court need not grant leave to amend when a plaintiff fails to make formal motion, and an informal request to amend in response to motion to dismiss is insufficient if it fails to give grounds for proposed amendment. ***Calderon v. Kan. Dep't of Soc. & Rehab. Servs.***, 181 F.3d 1180, 1186–87 (10th Cir. 1999). The same is true of an informal request included in an objection to the recommendation of a magistrate judge.

The motion to amend [#82] addressed in the recommendation was the second motion to amend filed by the plaintiffs. The first motion to amend [#75] was denied by the magistrate judge. Addressing the first motion to amend, the magistrate judge noted that the plaintiffs sought to add one defendant and to greatly revise the content of their original complaint. *Order* [#81], p. 2. In that order [#81], the magistrate judge noted that undue delay and repeated failure to cure deficiencies in previous amendments are among the reasons a court may deny a motion to amend a pleading. *Id.*

The deadline for joinder of parties and amendment of pleadings was October 1, 2015. *Minutes* [#68] filed July 21, 2015. To properly address the amendment proposed in the objections [#98 & #100] of the plaintiffs, I would have to overlook two important facts: (1) The plaintiffs have not filed a motion to extend the deadline for joinder of parties and amendment of pleadings; and (2) the plaintiffs have not filed a motion to

amend the complaint. Procedurally, the amendment proposed informally in the objections [#98 & #100] is improper. On this basis, the informally proposed amendment is denied.

Substantively, the amendment proposed informally in the objections [#98 & #100] fares no better. The proposed amended complaint [#82-1] attached to the second motion to amend [#82] does not cure the deficiencies which have been addressed in this case with some frequency. I have reviewed the proposed amended complaint [#98-1 & #100-1] which counsel for the plaintiffs says he intended to tender with his most recent motion to amend [#82]. The proposed amended complaint [#98-1 & #100-1] presents no more hope of stating a claim on which relief may be granted than did any of the previous complaints filed or tendered by the plaintiffs. The latest attempt includes many added or altered factual allegations about the alleged actions of the defendants. *Proposed amended complaint* [#98-1 & #100-1], pp. 1-18. The proposed amended complaint shows that the first claim for relief under 42 U.S.C. § 1320a-7b has been deleted. All of the language in that claim is stricken through. *Proposed amended complaint* [#98-1 & #100-1], pp. 18 - 19. The same is true for the second claim for relief, the False Claims Act claim. All of the language in the False Claims act claim is stricken through. *Proposed amended complaint* [#98-1 & #100-1], pp. 19 - 20. The only claim remaining is the third claim for relief, a claim for violations of the Colorado Medicaid False Claims Act and Antikikcback Statutes - §§25.5-4-301 - 306, C.R.S. *Proposed amended complaint* [#98-1 & #100-1], pp. 20 - 21.

As the magistrate judge notes in the recommendation [#96], the Colorado Medicaid False Claims Act provides for a private right of action only after the state of

Colorado is notified of the action and then declines to take over the action. Nothing in the record of this case indicates that the plaintiffs ever notified the state of Colorado of their action and that the state of Colorado declined to take over the claim under the Colorado Medicaid False Claims Act. Nothing in the latest complaint tendered by the plaintiffs [#98-1 & #100-1] even hints at this fundamental issue. Substantively, the informally proposed amendment will be denied.

This case was filed on March 29, 2013. Six days from now, this case will be three years old. Despite numerous opportunities to amend their complaint, the plaintiffs have yet to file a complaint that states a claim on which relief may be granted. Any further requests by the plaintiffs to amend the complaint in this case must be denied. The plaintiffs have caused nearly three years of undue delay as they attempted, but failed, to state claims which are viable. The defendants have lived with this litigation for nearly three years, but have yet to be put on notice of any potentially viable claim against them. That is three years of undue prejudice to the defendants. Despite many opportunities to cure the deficiencies in the various iterations of their complaints, the plaintiffs have failed to cure those deficiencies. Three years is more than enough time for the plaintiffs to file a valid complaint, if they can. After nearly three years, the plaintiffs have not filed a valid complaint. Thus, this case will be dismissed with prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate** Judge [#96] filed February 23, 2016, is approved and adopted as an order of this court;

2. That under Fed. R. Civ. P. 12(b)(6), **Poudre Valley Health Care, Inc.'s**

**Motion to Dismiss and Combined Memorandum in Support Thereof** [#60] filed June 25, 2015, is granted;

3. That under Fed. R. Civ. P. 12(b)(6), **Defendant Columbine Management Services, Inc.'s Motion to Dismiss and Combined Memorandum in Support Thereof** [#62] filed June 26, 2015, is granted;

4. That the **Motion To Amend Complaint and Join a Party** [#82] filed November 6, 2015, is denied;

5. That the trial set to begin August 1, 2016, and the combined Final Pretrial Conference and Trial Preparation Conference, set for July 22, 2016, are vacated;

6. That all of the claims in the operative complaint [#1] are dismissed with prejudice;

7. That judgment shall enter in favor of the defendants, Columbine Management Services, Inc., a Colorado corporation doing business as Columbine Health Systems, and Poudre Valley Health Care, Inc., a Colorado nonprofit corporation doing business as Poudre Valley Health System, and against the plaintiffs;

8. That the defendants are awarded their costs to be taxed by the clerk of the court in the time and manner prescribed in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

9. That all other pending motions, including [#90, #97, & #101] are denied as moot;

10. That if the defendants see a continued need for a protective order, as sought in **Defendants' Motion for Entry of Protective Order Governing Protected Health and Confidential Business Information** [#90], filed January 7, 2016, the defendants

may file by April 7, 2016, a renewed motion for protective order;

    11.  That the court retains jurisdiction of this case to resolve any renewed motion for protective order filed by the defendants.

Dated March 25, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge