**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00826-REB-KLM

UNITED STATES ex rel. ANTHONY HANLON,
UNITED STATES ex rel. LINDA DOLLAR, and
STATE OF COLORADO ex rel. RELATORS,

      Plaintiffs,

v.

COLUMBINE MANAGEMENT SERVICES, INC., a Colorado corporation doing business
as COLUMBINE HEALTH SYSTEMS, and
POUDRE VALLEY HEALTH CARE, INC., a Colorado nonprofit corporation doing
business as POUDRE VALLEY HEALTH SYSTEM,

      Defendants.

UNITED STATES,

      Interested Party.

---

### ORDER RE: DEFENDANTS MOTION FOR SANCTIONS AND ATTORNEY FEES

---

**Blackburn, J.**

    The matter before me is the **Defendants Columbine Management Services,**

**Inc.  and Poudre Valley Health Care, Inc.'s Motion For Sanctions and Attorneys'**

**Fees** [#107][1], filed April 11, 2016.  The plaintiffs filed a response [#112], and the

defendants filed a reply [#115].  I grant the motion in part.

    The defendants filed the motion for attorney fees after I entered an **Order**

**Overruling Objections And Adopting Recommendation of United States**

---

[1]"[#107]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this
convention throughout this order.

**Magistrate Judge** [#104].  In that order, I dismissed the plaintiffs *qui tam* complaint with prejudice.

## I.  STANDARD OF REVIEW

I have the authority to award attorney fees under the statutes and rules summarized below. First, 31 U.S.C. § 3730(d)(4) concerns *qui tam* actions, such as this case.  Under § 3730(d)(4), I may award attorney fees if the following statutory requirements are met: (1) the government does not proceed with the action; (2) the person bringing the action conducts the action; (3) the defendant prevails in the action; and (4) I find that the claim of the plaintiff was "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."  31 U.S.C. § 3730(d)(4).  Vexatious means "without reasonable or probable cause or excuse." ***United States v. Gilbert****,* 198 F.3d 1293, 1298 (11th Cir. 1999) (citing Black's Law Dictionary).  Frivolous means "[g]roundless . . . with little prospect of success." ***Id.*** at 1299.  This is "a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." ***U.S. ex rel. Grynberg v. Praxair, Inc.***, 389 F.3d 1038, 1059 (10th Cir. 2004) (citation omitted).  Subjective bad faith by the plaintiffs is not a prerequisite to the defendant recovering attorney fees. ***Id.*** at 1058.

Second, under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the . . . attorneys' fees reasonably incurred because of such conduct." This power must be construed strictly and utilized only in instances evidencing a'serious and studied disregard for the orderly process of justice." ***Braley v. Campbell***, 832 F.2d 1504, 1512 (10th Cir. 1987) (citations omitted); ***Baca v. Berry***, 806 F.3d 1262, 1268 (10th Cir. 2015).  This standard does not require a motive involving subjective bad-faith.

*See Braley*, 832 F.2d at 1512.  "Although subjective good faith on the part of a non-attorney party appellant may in some instances excuse otherwise unreasonable conduct, we are entitled to demand that an attorney exhibit some judgment."  *Id.*  I may award attorney fees when an attorney displays "conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."  *Id.*

Although the court should resort to such sanctions "only in instances evidencing a serious . . . disregard for the orderly process of justice," *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985) (citation and internal quotation marks omitted), "[t]he power to assess costs, expenses, and attorney's fees against an attorney personally in the appropriate case is an essential tool to protect both litigants and the ability of the federal courts to decide cases expeditiously and fairly," *Braley*, 832 F.2d at 1512.  It is important to note that sanctions under § 1927 may not be based on the plaintiff's filing of her complaint.  *Steinert v. Winn Group, Inc.* 440 F.3d 1214,1224-1225 (10th Cir. 2006).  Applying the language of § 1927 in *Steinert*, the United States Court of Appeals for the Tenth Circuit held that it "is not possible to multiply proceedings [unreasonably and vexatiously] until after those proceedings have begun."  *Id.* at 1225.

Third, I may award attorney fees to sanction a litigant for bad-faith conduct under the inherent power of the court.  *Chambers v. NASCO, Inc.*, 501. U.S. 32, 35 (1991).  In *Chambers*, the Supreme Court identified three circumstances where the inherent power of the court to assess attorney fees is relevant: (1) when the litigation of a party directly benefits others, a circumstance known as the "common fund" exception; (2) when a party willfully disobeys a court order; and (3) when a party acts "in bad faith,

vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46. Actions that fit into the third category include when a party practices fraud upon the court and when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Id.* at 46.

## II. BACKGROUND

The plaintiffs brought this action as a *qui tam* action under the False Claims Act (FCA) 31 U.S.C. §§ 3729 - 3733. The FCA prohibits any person from making false or fraudulent claims for payment to the United States and provides for substantial damages and civil penalties for making such claims. 31 U.S.C. § 3729. Under the FCA, private individuals, such as the plaintiffs in this case, may bring a *qui tam* action in the name of the government based on violations of § 3729. 31 U.S.C. § 3730(b)(1). Such *qui tam* plaintiffs often are referred to as relators. In addition, the plaintiffs asserted claims under the Antikickback Statute, 42 U.S.C. § 1320a-7b, and the Colorado analog to the False Claims Act.

The plaintiffs filed this case under seal on March 29, 2013. On June 20, 2014, the government declined to intervene [#22]. The defendants were served with a summons and the complaint in May 2015. The defendants filed motions to dismiss [#60 & #62] in June 2015. In those motions, the defendants asserted that the plaintiffs failed to state viable claims in their complaint. The plaintiffs then filed a motion [#75] to amend their complaint and to add a party. In their responses [#77 & #78] to the motion to amend, the defendants argued that the proposed amended complaint again failed to state any viable claims.

In a detailed order [#81], the magistrate judge denied the motion to amend [#75] without prejudice. The magistrate judge detailed the reasons why the proposed

amended complaint was insufficient. The magistrate judge wrote "it may be helpful for Plaintiffs to provide clearer statements regarding each cause of action being asserted by Plaintiffs," and, "the Court strongly advises [the plaintiffs] to closely examine Defendants' other arguments in the Responses [#77, #78] to determine whether further amendment is appropriate in order to address the issues that have been raised." *Order* [#81], pp. 5 - 6.

Two weeks later, the plaintiffs filed their second motion [#82] to amend their complaint. In a detailed recommendation [#96], the magistrate judge analyzed the latest proposed amended complaint in great detail. Again, the magistrate judge concluded the plaintiffs had not made allegations sufficient to support any of their proposed claims. She recommended that the motion to amend [#82] be denied and that the motions to dismiss of the defendants be granted.

In my order [#104] adopting the recommendation, I summarized and adopted the analysis of the magistrate judge. I noted that the "plaintiffs have caused nearly three years of undue delay as they attempted, but failed, to state claims which are viable." *Order* [#104], p. 6.

> Despite many opportunities to cure the deficiencies in the various
> iterations of their complaints, the plaintiffs have failed to cure those
> deficiencies. Three years is more than enough time for the plaintiffs to file
> a valid complaint, if they can. After nearly three years, the plaintiffs have
> not filed a valid complaint. Thus, this case will be dismissed with prejudice.

*Id.*

I noted also an apparent effort by the plaintiffs to file another proposed amended complaint.

> In the objections [#98 & #100] [to the recommendation], counsel for
> the plaintiffs says his proposed amended complaint [#82-1] is the not
> proposed amended complaint he intended to file with the motion to amend

[#82]. Objections [#98 & #100], p. 2. Exhibit A to the objections is, counsel reports, the proposed amended complaint he intended to file.  Counsel cites a variety of explanations for this error. Although the plaintiffs have not filed a motion to file another proposed amended complaint, counsel appears to seek such relief in the objections [#98 & #100].

*Order* [#104], p. 3.  I reviewed the latest informally proposed amended complaint and

concluded that it too failed to state any viable claim.

       Substantively, the amendment proposed informally in the objections [#98 & #100] fares no better. The proposed amended complaint [#82-1] attached to the second motion to amend [#82] does not cure the deficiencies which have been addressed in this case with some frequency. I have reviewed the proposed amended complaint [#98- 1 & #100-1] which counsel for the plaintiffs says he intended to tender with his most recent motion to amend [#82]. The proposed amended complaint [#98-1 & #100-1] presents no more hope of stating a claim on which relief may be granted than did any of the previous complaints filed or tendered by the plaintiffs. The latest attempt includes many added or altered factual allegations about the alleged actions of the defendants. Proposed amended complaint [#98-1 & #100-1], pp. 1-18. The proposed amended complaint shows that the first claim for relief under 42 U.S.C. § 1320a-7b has been deleted. All of the language in that claim is stricken through. Proposed amended complaint [#98-1 & #100-1], pp. 18 - 19. The same is true for the second claim for relief, the False Claims Act claim. All of the language in the False Claims act claim is stricken through. Proposed amended complaint [#98-1 & #100-1], pp. 19 - 20. The only claim remaining is the third claim for relief, a claim for violations of the Colorado Medicaid False Claims Act and Antikikcback Statutes - §§25.5-4-301 - 306, C.R.S. Proposed amended complaint [#98-1 & #100-1], pp. 20 - 21.

*Order* [#104], p. 5.  I noted that the third claim for relief as proposed in [#98-1 & #100-1],

pp. 20 - 21, did not state a claim for reasons noted previously by the magistrate judge.[2]

    Ultimately, I granted the motions to dismiss, dismissed the claims of the plaintiffs

with prejudice, and entered judgment in favor of the defendants.  The plaintiffs appealed

to the United States Court of Appeals for the Tenth Circuit.  The Tenth Circuit upheld

the dismissal of the plaintiffs claims with prejudice.  ***Hanlon, et al. v. Columbine***

---

[2]  The two objections [#98 & #100] filed by the plaintiffs are duplicates of each other, except that the second objection [#100] has a corrected signature block and is dated one day later than the first objection [#98].  Hereafter, I refer to the proposed complaint included with these objections as [#98-1].

*Management Services, Inc., et al*, 2017 WL 281734 (10th Cir. 2017).

In their present motion, the defendants contend the pursuit of this litigation by the plaintiffs was frivolous and vexatious.  The plaintiffs claim their pursuit of their claims, although ultimately unsuccessful, was undertaken in good faith and was not frivolous or vexatious.

### III.  ANALYSIS

#### A.  BASIS FOR AN AWARD OF ATTORNEY FEES

Here, the actions of the plaintiffs and counsel for the plaintiffs meet the high standard required for an award of attorney fees under § 3730(d)(4) and § 1927.  Turning first to § 3730(d)(4), the first three factors are easy to analyze: the Government did not join the action, the plaintiffs pursued the action, and the defendants won. *See* **Amended Final Judgment** [#106].

The fourth factor relevant to § 3730(d)(4) is whether the action was "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."  31 U.S.C. § 3730(d)(4).  Generally, a claim is frivolous if it has no arguable support in existing law or any reasonably based suggestion for the extension of existing law.  In this case, the plaintiffs failed to state a claim in four proposed amended complaints filed with the court over a period of three years.  These failures are compounded by the fact that the defendants, in their motions to dismiss, gave the plaintiffs detailed reasons why their claims were fatally flawed.  Further, the magistrate judge gave the plaintiffs detailed reasons why their claims were fatally flawed.  Despite this guidance, the plaintiffs repeatedly sought to file complaints with the same fundamental flaws.

As the plaintiffs note, some effort should be made not to chill potential False Claims Act plaintiffs from asserting such claims, even though the claims may be unique

and debatable.  I find that it is proper to grant to the plaintiffs some time to investigate, develop, and refine their claims.  Thus, I conclude that this case was not frivolous from the outset.  However, By October 23, 2015, the plaintiffs had seen detailed motions to dismiss [#60 & #62] from the defendants and a detailed order [#81] from the magistrate judge.  These documents provided significant focus on the inherent flaws in the original complaint [#1] and in the proposed first amended complaint [#75-1] filed by the plaintiffs. From this point forward, the plaintiffs filed two additional proposed complaints [#75-1 & #98-1] and otherwise continued to prosecute this case.  Never did the plaintiffs come close to stating any viable claim in their complaint [#1] or any of their three proposed amended complaints.

        Thus, beginning with the filing of their proposed second amended complaint [#82-1] on November 6, 2015, the pursuit of this case by the plaintiffs became frivolous. The plaintiffs had been given detailed analyses of why the claims in the complaint [#1] and their proposed first amended complaint [#75-1] were fatally flawed.  Even though they possessed this information, the plaintiffs continued to prosecute this case and to assert similar claims with no arguable support in existing law or any reasonably based suggestion for the extension of existing law. These actions prolonged the litigation needlessly and wasted the time and other resources of the defendants and this court. Accordingly, I find that an award of attorney fees to the defendants is appropriate under § 3730(d)(4).

        An award of attorney fees under 28 U.S.C. § 1927 is also appropriate. The same frivolousness analysis applies, and I need not rehearse it here.  Again granting the plaintiffs reasonable time to investigate, develop, and refine their claims, I conclude that this case became frivolous with the filing of the proposed second amended complaint

[#82-1] on November 6, 2015.  Thus, under § 1927, an award of attorney fees is warranted.[3]

## B.  REASONABLE ATTORNEY FEES

Imposing all of the attorney fees requested by the defendants is not warranted.  I have broad discretion over how much to award.  Further, I may award only reasonable attorney fees incurred as a result of the vexatious litigation of the plaintiffs.  28 U.S.C. § 1927; 31 U.S.C. § 3730(d)(4).  As I must, I use the following formula: multiplication of the reasonable number of attorney hours expended by a reasonable hourly rate in the relevant legal community.  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  I find the hourly rates of $200 for paralegals and $500 for attorneys to be reasonable for the same services rendered in the Denver-metro area.

However, I find the total number of hours expended by counsel for the defendants to be unreasonable as modestly excessive.  The defendants contend inconsistently that they viewed this matter as a serious suit, requiring daily meetings between attorneys and clients, yet simultaneously assert that the suit was clearly vexatious from its first filing.  This inherent incongruity begs the rhetorical question: if the suit was so clearly frivolous or vexatious from its inception, then what justifies the myriad hours expended in attorney-client meetings and on other related tasks.

The defendants clearly believed this matter was frivolous from at least early November 2015 (if not earlier), when the plaintiffs proposed a second amended

---

[3]   Given my conclusion that an award of attorney fees is merited under both § 3730(d)(4) and § 1927, I decline to examine these issues under the standard implicating the inherent power of the court.  The result of that independent analysis would essentially track the result of the my analysis under § 3730(d)(4) and § 1927.

complaint that ultimately was deemed futile.  Yet after November 6, 2015, the

defendants incurred more than 250,000 dollars in additional attorney fees.  Notably,

discovery was set to close on April 8, 2016, and trial was set to begin on August 1,

2016.

During this time, discovery was ongoing, and the defendants attorneys spent

significant time to obtain a protective order to protect sensitive information involved in

discovery.  From the perspective of the defendants, it was reasonable to continue to

attend to discovery issues, related protective order issues, and trial preparation during

this time period.

This is true even though the defendants thought the claims of the plaintiffs were

baseless.  It would not have been reasonable for the defendants to have ignored these

issues during this time.  The ongoing issues related to discovery and the protective

order were issues fueled by the plaintiffs, even though the plaintiffs were or should have

been aware by November of 2015, that they had not yet found a way to allege any

legitimate claim against the plaintiffs.

I have examined the invoices submitted in support of the motion for attorney

fees, focusing on fees incurred after November 6, 2015, through the dismissal of this

case.  Counsel for Columbine Health Systems billed 96,548 dollars for attorney fees

during this time period.  Counsel for Poudre Valley Health Care billed 151,385 dollars

for attorney fees during this time period.  In addition, the defendants jointly incurred

30,652 dollars in fees billed by an expert witness, who also is a lawyer.

However, I find and conclude that defense counsel spent an unreasone amount

of time on certain issues.  This is particularly important to consider when some counsel

were billing large amounts of time at an hourly rate of between 450 and 500 dollars per

hour, and the attorney expert witness billed his time at 695 dollars per hour.

I have examined the billing invoices of counsel with care. Rather than parse each of the myriad time entries of defense counsel during the relevant time period, I will reduce the fees claimed by defense counsel by 20 percent. This accounts adequately for the unreasonable amount of time spent on superfluous and unnecessarily repetitive matters. This reduction will achieve a reasonable measure of justice and will ensure that only reasonable attorney fees are awarded.

The total fees incurred by the defendants after November 6, 2015, is 255,878 dollars. This includes the fee of the attorney expert witness for the defendants. After a 20 percent reduction, the reasonable fees incurred total 204,703 dollars. This is the amount of attorney fees to which I find the defendants are entitled. Because I have found reason to award attorney fees under both 31 U.S.C. § 3730(d)(4) and 28 U.S.C. § 1927, both the plaintiffs and their counsel are liable.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants Columbine Management Services, Inc. And Poudre Valley Health Care, Inc.'s Motion For Sanctions and Attorneys' Fees** [#107] is granted in part, consistent with the foregoing findings of fact and conclusions of law;

2. That under 31 U.S.C. § 3730(d)(4) and 28 U.S.C. § 1927, the defendants, Columbine Management Services, Inc. and Poudre Valley Health Care, Inc., are awarded  reasonable attorney fees of 204,703 dollars payable to the defendants by the plaintiffs, Anthony Hanlon and Linda Dollar, and counsel for the plaintiffs, W. Andrew Figel, Curtis R. Henry, David Brill Law; and

3. That an amended final judgment shall enter containing all of the provisions of

11

the extant **Amended Judgment** [#106] entered March 29, 2016, and adding an

additional award of attorney fees of 204,703 dollars.[4]

       Dated March 28, 2017, at Denver, Colorado.

                             **BY THE COURT:**

                             Robert E. Blackburn
                             United States District Judge

---

[4] Otherwise, the **Defendants Columbine Management Services, Inc. And Poudre Valley Health Care, Inc.'s Motion For Sanctions and Attorneys' Fees** [#107] is denied.